**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRY M. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV561 JAR |
| | ) | |
| UNKNOWN MULL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Terry Turner (registration no. 524435), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $40.83. See 28 U.S.C. § 1915(b)(1). Furthermore, the Court finds that the complaint fails to state a claim upon which relief can be granted. However, the Court will allow plaintiff to file an amended complaint, rather than dismissing the case at this time.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $204.17, and an average monthly balance of $53.58. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $40.83, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Unknown Mull (Transportation Supervisor, Eastern Reception Diagnostic and Correctional Center ("ERDCC"), Angela Chandler (Hospital Administrator), George Lombardi (Director, Missouri Department of Corrections), Unknown Thebeau (Correctional Officer), John Doe (Correctional Officer), and Terry Russell (Deputy Warden). At all times relevant to the complaint, plaintiff was incarcerated at ERDCC.

On March 22, 2011, defendants Thebeau and Doe transported plaintiff to the hospital for an appointment. (The Court accepts the allegations in the complaint as true, which it must). Plaintiff, who is confined to a wheelchair because he is paraplegic, is normally transported to his doctor appointments in a van with a wheelchair lift. On March 22, however, Thebeau and Doe had a regular minivan.

Plaintiff told defendants that he could not lift himself into the seat because of his paraplegia. Defendants, however, refused to assist him, telling him to crawl to the seat. Plaintiff complied, and while crawling to the seat he encountered urine and vomit, as well as a strong feces order, which caused him to vomit. By the time he reached the seat he was contaminated by bodily fluids. Plaintiff pulled himself up into the seat, and in doing so he injured his neck and back.

Defendants gave plaintiff a bag lunch, but plaintiff was unable to eat it because he could not wash himself after he was contaminated.

When it was time to return to ERDCC, plaintiff again asked for a wheelchair accessible van. Thebeau told plaintiff "to shut (close) my mouth and get back into the F–king van or we will put you in it ourselves." Plaintiff took this as a threat of physical harm, and he climbed back into the van.

While returning to ERDCC, defendants took a detour to where a river ran along the road. Defendants pulled over, turned the van off, and discussed killing plaintiff and telling others he had escaped. Plaintiff became very frightened. After five minutes, defendants restarted the van and returned to ERDCC.

After complaining of the incident to ERDCC officials and the police department, a full investigation was conducted. After the investigation was

concluded, ERDCC officials told plaintiff there was no evidence that the threats had occurred, and plaintiff's grievances were denied.

Plaintiff is still suffering from neck and back pain, as well as insomnia.

**Discussion**

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id. There are no allegations that defendant Chandler agreed with any state officials to deny plaintiff's constitutional rights. As a result, plaintiff's allegations against Chandler fail to state a claim upon which relief can be granted.

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted against defendants Mull, Lombardi, Thebeau, Doe, or Russell.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Mull, Lombardi, or Russell were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against these defendants for this reason as well.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint, rather than dismissing the case at this time. Plaintiff shall have

thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). That is, plaintiff must include in his amended complaint each of his claims against each defendant. Plaintiff should keep in mind that Rule 8(a) of the Federal Rules of Civil Procedure only requires him to submit a short and plain statements of the facts giving rise to this case. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $40.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within thirty (30) days of the date of this Memorandum and Order. If plaintiff fails to timely file an amended complaint, the Court will dismiss this action for the reasons stated herein.

Dated this 12th day of April, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE